UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FOUNDATIONS OF EAST CHICAGO, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CAUSE NO. 1:07-cv-601-WTL-RLY ) |
| CITY OF EAST CHICAGO, et al., | ) ) |
| Defendants. | ) |

## ENTRY ON MOTION TO REMAND

This cause is before the Court on the Motion to Remand Removed Action filed by Defendant Indiana Gaming Commission ("IGC").[1] The motion is fully briefed, and the Court, being duly advised, **GRANTS** the motion and **ORDERS** that this case be remanded to the Marion Superior Court for the reasons set forth below.

### Background

The facts relevant to the instant motion are as follow. In conjunction with IGC issuing a Riverboat Gaming License to the Showboat Marina Partnership ("Showboat") to operate a casino in East Chicago, Indiana ("the City"), the City and Showboat entered into two Letter Agreements pursuant to which Showboat agreed to use a percentage of the revenue from the casino to fund two nonprofit foundations that would, in turn, use the money for the benefit of the citizens of the City. Plaintiff Foundations of East Chicago, Inc. ("FEC") is the successor by merger of the two nonprofit foundations. FEC has been funded by Showboat and its successors

---

[1] Also pending are the Plaintiff's Motion for Expedited Remand and Defendant City of East Chicago's motion to strike the Plaintiff's motion. These motions are **MOOT** in light of the ruling on IGC"s motion. The Plaintiff's motion for preliminary injunction, which is not yet fully briefed, will remain to be resolved by the state court after remand.

pursuant to the Letter Agreements since the casino opened.  The current holder of the license, RIH Acquisitions, IN., LLC d/b/a Resorts of East Chicago ("Resorts"), has announced its desire to transfer the license to Ameristar Casinos, Inc. ("Ameristar"); the transfer must be approved by IGC, which is charged with administering riverboat gambling in Indiana.

At issue in this case is a recently enacted amendment to Indiana Code 4-33-6-7 (hereinafter "the Statute") which reads as follows:

> This subsection applies to an owner's license issued for the City of East Chicago. If a controlling interest in the owner's license is transferred, the fiscal body of the City of East Chicago may adopt an ordinance voiding any term of the development agreement (as defined by IC 36-1-8-9.5) between:
>
> > (1) the city; and
> >
> > (2) the person transferring the controlling interest in the owner's license;
>
> that is in effect as of the date the controlling interest is transferred.  The ordinance may provide for any payments made under the redevelopment agreement, including those held in escrow, to be redirected to the City of East Chicago for use as directed by ordinance of the city fiscal body. A requirement to redirect a payment is valid to the same extent as if the requirement had been part of the original agreement.  If the ordinance provides for the voiding and renegotiation of any part of a redevelopment agreement, the mayor of the City of East Chicago may negotiate with the person acquiring a controlling interest in the owner's license to replace any terms voided by the ordinance.  Terms negotiated under this subsection must be ratified in an ordinance adopted by the city legislative body.

FEC asserts in its complaint that the Statute was enacted in violation of the Indiana Constitution and that it violates numerous provisions of the Indiana Constitution and several provisions of the United States Constitution by permitting the City to unilaterally abrogate the Letter Agreements and redirect payments that are now made to FEC to the City.  Accordingly, FEC seeks a declaration that the Statute is unconstitutional and an injunction forbidding the City from taking any action pursuant to the Statute.  The FEC further seeks an injunction forbidding IGC from considering the Statute and the likely effect thereof as it decides whether to approve the transfer

of the license from Resorts to Ameristar.

## Discussion

FEC filed this case in the Marion Superior Court. It was removed to this court by the City pursuant to 28 U.S.C. § 1441(a) based upon the fact that this court has original jurisdiction over the federal constitutional claims contained in FEC's complaint. The City filed its removal petition prior to IGC being served with the complaint; therefore, IGC did not consent to removal at the time. In fact, as evidenced by the instant motion to remand, IGC is actively opposed to removal. IGC argues that its lack of consent requires remand. *See, e.g., Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 368 (7th Cir. 1993) (removal is defective unless all defendants consent). The City counters that IGC's consent was not required because IGC is merely a "nominal defendant."

"A defendant is nominal if there is no reasonable basis for predicting that it will be held liable." *Id.* at 369. "Nominal or formal parties need not join in removal," *id.*, because if a named defendant is not really a party to an action, it is not necessary to consider that defendant in determining whether removal was proper.

> A nominal defendant has no ownership interest in the property which is the subject of litigation; it holds the subject matter of the litigation in a subordinate or possessory capacity as to which there is no dispute. Because the nominal defendant is a trustee, agent, or depositary who has possession of the funds which are the subject of litigation, he must often be joined purely as a means of facilitating collection.. When the dispute is resolved, the court needs to order the nominal defendant to turn over funds to the prevailing party. A nominal defendant is not a real party in interest because it has no interest in the subject matter litigated. His relation to the suit is merely incidental and it is of no moment to him whether the one or the other side in the controversy succeeds. Because of the disinterested status of the nominal defendant, there is no claim against him and it is unnecessary to obtain subject matter jurisdiction over him once jurisdiction over the defendant is established.

*Selfix, Inc. v. Bisk*, 867 F. Supp. 1333, 1335-36 (N.D. Ill. 1994) (citations and internal quotation marks omitted).

3

The City argues that IGC is a nominal defendant in this case because the Statute "provides relief only to the City and plainly does not require any action by the Commission." Further, the City argues that "Indiana law does not permit a state agency to be preemptively enjoined from considering a statute. Even more so, a prophylactic injunction against hypothetical administrative action is inappropriate when the challenged statute itself does not purport to require any action by the agency."  City Response at 4.  It is possible that these arguments ultimately will carry the day; indeed, IGC also believes that FEC is not entitled to the relief it seeks against it because that relief would improperly interfere with its discretionary functions. However, the fact that FEC might not ultimately prevail in its claims against IGC does not make IGC a nominal party.  Rather, unlike the defendants who have been found to be nominal in the cases cited by the City, here IGC "is not merely acting in a ministerial or 'caretaker' capacity with respect to the underlying dispute," but rather has a significant interest in whether FEC is granted the relief it seeks against it. As IGC aptly explains:

> The dispute in this case is whether the Indiana General Assembly may authorize the City to cancel a local development agreement upon transfer of a state gaming license meant for a riverboat casino operating in East Chicago from one proprietor to another. [IGC] issues gaming licenses to riverboat casinos and approves license transfers. *See* Ind. Code §§ 4-33-4-1, -17, -21. It thereby has an ownership and possessory interest in the gaming licenses.  In this case, [FEC] seeks to enjoin [IGC] from "considering" the existence of [the Statute] as it considers whether to approve the transfer of the East Chicago license from Resorts to Ameristar. This claim for relief is potentially significant because Indiana Code section 4-33-6-7 directs [IGC], when evaluating whether to issue a new license or approve a license transfer, to "consider" and "evaluate" whether and to what extent the prospective holder of the Indiana gaming license will contribute to local economic development.  [IGC] is also vested with the authority to exercise its discretion over the conditions and requirements upon which a license is granted, renewed or not renewed. Ind. Code §§ 4-33-6-4, -12. The existence *vel non* of a Local Development Agreement, or the risk that an existing LDA may be terminated if the license is transferred, may well play a significant role in how [IGC] evaluates the pending transfer request. If [IGC] is enjoined from "considering" what might happen pursuant to a statute that would constitute

> a significant interference with its discretionary duties, even if that statute only regulates the activities of others.

IGC Memorandum at 5-6.  Because FEC's complaint, on its face, seeks injunctive relief against IGC that is not simply incidental to the relief it seeks against the City and to which IGC is not indifferent, IGC is not merely a nominal party.

Because IGC is not a nominal party to this action, its consent was necessary for the City's removal petition to be valid.  Accordingly, IGC's motion to remand is **GRANTED** and this case is remanded to the Marion Superior Court.

SO ORDERED:   08/09/2007

*William T. Lawrence*

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification